<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

Vandayk De Sousa Rodrigues,

           *Petitioner,*

           v.

William P. Joyce, *et al.*,

           *Respondents.*

Civil Action No. 26-cv-03292

**ORDER**

---

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Vandayk De Sousa Rodrigues ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of her continued immigration detention (ECF No. 1); and

**WHEREAS,** Petitioner contends that Respondents are unlawfully detaining her without the possibility of bond pursuant to a categorical determination of ineligibility under 8 U.S.C. § 1225(b), relying on *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025), and *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025) thereby depriving her of any opportunity for a custody redetermination (see ECF No. 1 at 3); and

**WHEREAS,** Petitioner is a citizen of Brazil who entered the United States in or about December 2021 and was subsequently placed into removal proceedings under INA § 240 through service of a Notice to Appear (*id.*; Ex. B); and

**WHEREAS,** following her release from initial custody, Petitioner complied with all conditions of supervision imposed by Immigration and Customs Enforcement ("ICE"), including participation in SmartLINK monitoring, and she filed an application for asylum that remains

pending before the Immigration Court in Newark, New Jersey (*id.*; Ex. C); and

**WHEREAS,** Petitioner represents that she has no criminal history and has consistently made good-faith efforts to comply with all reporting obligations (*id.*); and

**WHEREAS,** on or about February 28, 2026, Petitioner appeared as directed at an ICE office in Mount Laurel, New Jersey, at which time she was taken into custody based on alleged reporting violations that Petitioner asserts were minor, technical, and non-willful (*id.*); and

**WHEREAS,** Petitioner thereafter sought a custody redetermination hearing pursuant to 8 C.F.R. § 1236 by filing a motion before the Immigration Judge (*id.*; Ex. D); and

**WHEREAS,** on March 26, 2026, the Immigration Judge denied Petitioner's request for a bond hearing on the basis that Petitioner was categorically ineligible for bond, reasoning that she entered without inspection, was encountered within 100 miles of the border, and was subject to detention without a warrant while arriving in the United States under *Matter of Yajure Hurtado* and *Matter of Q. Li* (*id.*; Ex. E); and

**WHEREAS,** as a result of this determination, Petitioner remains detained without any administrative mechanism to seek release on bond or otherwise challenge her custody (*id.* at 4); and

**WHEREAS,** Petitioner challenges the constitutionality of her continued detention, arguing that Respondents' categorical denial of bond eligibility under § 1225(b) is legally erroneous and violative of the Due Process Clause and the Immigration and Nationality Act (*id.* 4-6); and

**WHEREAS,** the Court has reviewed the Petition (ECF No. 1) and resolves the matter on the existing record; and

**WHEREAS,** it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this

2

Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore she should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

WHEREAS, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

WHEREAS, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g., Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was

3

adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

IT IS, on this 30th day of March 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **on this date IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to her detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to her; and it is further

4

5

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**Hon. Karen M. Williams,**
**United States District Judge**